39990. IN RE LUMPKIN.
(ADMISSIONS DOCKET NO. 33)

PER CURIAM.

The Board to Determine Fitness of Bar Applicants declined to certify the applicant as posssessing that good character and moral fitness required to practice law in this state. Applicant appeals.

The hearing officer made the following findings of fact and conclusions:

"(1) In a Contractor's Affidavit executed on October 4, 1977, regarding property owned by Jimmie L. Coffee located at lots 45 and 46, Route 1, Oakwood, Georgia 30566, the Applicant stated under oath there were no unpaid bills for labor and services performed in connection with his construction of Mr. Coffee's residence, when in fact there was an unpaid debt to Irvin Concrete Products Company incurred by the Applicant in constructing that residence.

"(2) The Applicant defaulted on a GHEAC education loan from the First National Bank of Gainesville, Georgia. GHEAC paid the balance due on the loan and the Applicant failed to repay GHEAC, though he had agreed to do so.

"(3) The Applicant has an outstanding debt with Coal Mountain Lumber Company in Cumming, Georgia, in an amount of more than $9,000 and no payments have been made by the Applicant on this debt since January 1, 1978. Additionally the Applicant has incurred debts with C&S Bank of Athens, Georgia, and Goforth Electrical Supplies in Gainesville, Georgia, which have not been paid.

"(4) The Applicant's application to the Board was false and

misleading in that he failed to disclose the existence of the case of *Land of Carpet, Inc. v. Robert S. Lumpkin Construction Company,* in the Superior Court of Hall County, Civil Action No. K22-716.

"(5) The Applicant has failed to demonstrate to the undersigned, as Hearing Officer, any reasonable explanation for the above false statements, defaults on loans, and failure to inform the Board of relevant matters.

"Based upon the foregoing Findings of Fact, the undersigned makes the following conclusions:

"(1) The Applicant's swearing falsely to the items contained in Finding 1 above in and of itself is sufficient to disqualify him from being certified to practice law in this State. The undersigned specifically finds that the Applicant's swearing falsely demonstrates a lack of the degree of character and fitness requisite for the Applicant to be admitted to the practice of law in the State of Georgia.

"(2) With respect of Findings 2 and 3 above, the undersigned finds that the Applicant's failure to honor his legal and financial obligations demonstrates a lack of character and fitness requisite for the applicant to be admitted to the practice of law in this State, and in and of themselves constitute a bar to his being certified as being morally fit, particularly in view of the applicant's making no real effort to repay his financial obligations.

"(3) The Applicant's failure to disclose to the Board the existence of the case referred to in Finding 4 above, as well as the Applicant's failure to respond adequately to questions regarding debts, excusing them merely on the basis that the Board did not ask for him to list 'delinquent' debts, is so vague and incomplete as to be false and misleading and in and of themselves are also inconsistent with the Applicant's being certified to practice law in the State of Georgia.

"(4) The undersigned further finds that the Applicant did not carry the burden of showing his good character and moral fitness to practice law in this State and that in fact his attempt to make such a showing — if, indeed, it may be characterized as that — has totally failed."

The Board adopted the hearing officer's recommendation that the applicant be denied certification.

On appeal, applicant explains that he executed the false contractor's affidavit because the owner did not pay him. He explains the nonpayment of his debts because he lost his means of transportation; because he, like other builders, has fallen on "bad times"; and because he has been in law school and hence unable to work.

On his application for certification of fitness, applicant listed ten firms with which he had traded, borrowed from or established credit. Asked to list individual "current debts" over $200, applicant stated: "No present debts of a current status outstanding." On appeal he explains that he did not understand the request as to "current debts" to include his "delinquent debts" and points out that he listed his ten creditors and the amounts due them. The amounts due are not shown.

Applicant urges that the Board failed to consider his other attributes. After reviewing the record before the Board, we affirm.
*Application denied. All the Justices concur.*

DECIDED MAY 24, 1983.

Robert S. Lumpkin, *pro se.*
*Michael J. Bowers, Attorney General, Kathryn Allen, Assistant Attorney General,* for Board to Determine Fitness of Bar Applicants.